UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven M. Vollmer,                      Civil No. 13-11 (MJD/FLN)

       Plaintiff,

                                              **REPORT AND RECOMMENDATION**

v.

Federal Home Loan Mortgage Corp. et al.,

       Defendants.

---

William B. Butler for Plaintiff.
Charles F. Webber for Bank Defendants.
Curt N. Trisko for Defendant Reiter & Schiller, P.A.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 19, 2013 on the defendants' motions to dismiss (ECF Nos. 27 & 33). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (ECF Nos. 32 & 35.) For the reasons set forth below, the Court recommends that the defendants' motions be **GRANTED**.

### I.    BACKGROUND

The plaintiff Steven M. Vollmer owned property in Lakeville.[1] In December 2002, he executed a promissory note payable to Wells Fargo Home Mortgage, Inc. Am. Compl. ¶ 5, ECF

---

[1] For the purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court assumes the facts pleaded in the amended complaint are true. *Cormack v. Settle-Beshears,* 474 F.3d 528, 531 (8th Cir. 2007). The Court also relies on some materials that are part of the public record as well as materials that are embraced by the pleadings. *Porous Media Corp v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

No. 23. The note was secured by a mortgage in favor of Wells Fargo Home Mortgage, Inc. *Id.* Vollmer subsequently stopped making the payments due on the note, and the property went into foreclosure. *Id.* Ex. 5.

In April 2010, China Brown, Vice President of Loan Documentation for Wells Fargo Bank, N.A. executed a document titled "Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage." *Id.* at 4. The document "employ[ed] and empower[ed] Reiter & Schiller, P.A. . . . to foreclose the mortgage by advertisement and to do all things necessary and incident thereto." *Id.* at 3. The document was recorded on April 28, 2010. *Id.* at 2. Defendant Reiter & Schiller, P.A. then initiated a foreclosure by advertisement.

In November 2011, an attorney at Reiter & Schiller, P.A. recorded a Notice of Pendency of Proceeding to Foreclose Mortgage. *Id.* Ex 7. The first notice contained an incorrect tax parcel ID number, so a second Notice of Pendency of Proceeding to Foreclose (with the correct tax parcel ID number) was recorded two weeks later. *Id.* ¶¶ 13–16; *id.* Ex. 8. In December 2011, Reiter & Schiller, P.A. noticed a sheriff's sale. *Id.* Ex. 9 at 3. The sale was scheduled for January 25, 2012. *Id.* Defendant Wells Fargo Bank, N.A. purchased the property at the sheriff's sale. *Id.* at 15–16.

In August 2012, Defendant Wells Fargo conveyed title to the property to Defendant Freddie Mac by limited warranty deed.[2] *Id.* Ex. 10. The total consideration for the assignment was less than $500. *Id.* Defendant Reiter & Schiller, P.A. then brought an eviction action against Plaintiff on behalf of Freddie Mac. ECF No. 54. Judgment was entered in that action in December 2012, and Freddie Mac completed the lockout in January 2013. *Id.* Plaintiff is no longer in possession of the

---

[2] In paragraph 19, the amended complaint incorrectly alleges that the conveyance occurred in September 2010. The deed attached to the amended complaint is dated August 2, 2012. Am. Compl. Ex. 10, ECF No. 23.

2

property.[3] *Id.*

The amended complaint was filed on January 31, 2013. It contains six claims: (1) a quiet-title claim pursuant to Minn. Stat. § 559.01, (2) a claim under Minn. Stat. §§ 555.01 et seq. for a declaratory judgment that the plaintiff owns the property, (3) a claim that the foreclosure attorneys violated Minn. Stat. § 481.071 by misrepresenting to the court in the eviction action that Freddie Mac owns the property, (4) negligence per se, (5) slander of title, and (6) wrongful ouster.

Defendants move to dismiss pursuant to Rule 12(b)(6), contending that the amended complaint fails to state a claim upon which relief can be granted.

## II.  ANALYSIS

### A.  Standard of review

In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. *See Ossman v. Diana Corp.*, 825 F. Supp. 870, 879–80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. *See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp.*, 513 F.3d 823, 826–27 (8th Cir. 2008).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must

---

[3] At the hearing and in a subsequent letter to the Court, Bill Butler, counsel for Plaintiff, clarified that his client is no longer in possession of the property. To the extent the amended complaint alleges that he is (e.g. ¶¶ 1 & 30), those allegations are incorrect.

3

allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**B.     The two main contentions in the amended complaint lack factual support.**

All six claims pled in the amended complaint depend upon the following two contentions: (1) that Wells Fargo failed to record a secret mortgage assignment to Freddie Mac prior to initiating the foreclosure-by-advertisement process in violation of Minn. Stat. § 580.02(3) and (2) that the signatories to each of the publicly recorded documents lacked the authority to execute the documents on behalf of their principals. Am. Compl. ¶¶ 7, 11–12, 14, 16, 18, 27.

In a similar case brought by Plaintiff's counsel, the Eighth Circuit affirmed the district court's dismissal of a complaint with identical contentions. *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 N.3d 545, 548 (8th Cir. 2013). The Eighth Circuit concluded that federal pleading standards apply, and the "plaintiffs' pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of notes were invalid." *Id.* In two cases decided subsequent to *Karnatcheva*, the Eighth Circuit again affirmed the dismissal of claims

4

that were "pled . . . in terms identical to those employed by the plaintiff in *Karnatcheva v. JP Morgan Chase Bank, N.A.*, 704 F.3d 545 (8th Cir. 2013)." *Blaylock v. Wells Fargo Bank, N.A.*, No. 12-3230 (8th Cir. Apr. 19, 2013); *Iverson v. Wells Fargo Bank, N.A.*, No. 12-2142 (8th Cir. Apr. 19, 2013); *see also Stilp et al. v. HSBC Bank USA, N.A. et al.*, No. 12-3098 (D. Minn. Mar. 20, 2013) (dismissing similar claims in part based on *Karnatcheva*). The Court concludes that—just as in *Karnatcheva, Blaylock, Iverson*, and *Stilp*—each of the two main contentions in the amended complaint lacks sufficient factual support or is otherwise meritless.

### 1. The theoretical assignment from Wells Fargo to Freddie Mac

The plaintiff alleges that a secret unrecorded mortgage assignment occurred between Wells Fargo and Freddie Mac prior to the initiation of the foreclosure-by-advertisement process in violation of Minn. Stat. § 580.02(3). Am. Compl. ¶ 27. His support for this allegation is Freddie Mac's Servicer Guide. *Id.* Wells Fargo agreed to comply with the Servicer Guide as part of a consent decree with the Comptroller of the Currency. *Id.* The plaintiff alleges that the Servicer Guide requires Wells Fargo to convey the mortgage to Freddie Mac prior to the foreclosure. *Id.* ¶ 23*; id.* Ex. 11, art. III, para. (3)(d). The Servicer Guide, however, expressly states that "the foreclosure attorney . . . [must] provide[] Freddie Mac with clear and marketable title to the property after the foreclosure sale."[4] ECF No. 42-1 at 3 (emphasis added). So the allegation in paragraph 27 is factually inaccurate and thus does not allow the Court to draw the reasonable inference that a secret unrecorded assignment occurred prior to the foreclosure-by-advertisement.

---

[4] The Court may consider the Servicer Guide in deciding the defendants' 12(b)(6) motions because it is a matter of public record and is embraced by paragraphs 23 and 27 of the amended complaint. *Porous Media Corp v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

The plaintiff also attached a screenshot of the Freddie Mac website to his amended complaint. Am. Compl. Ex. 3, ECF No. 23. The website states, "Our records show that Freddie Mac is the owner of your mortgage." *Id.* The screenshot does not contain any language identifying what mortgage was entered in the search box nor does it indicate when Freddie Mac came into possession of the mortgage. The screenshot does not allow the Court to draw the reasonable inference that Wells Fargo secretly assigned and failed to record a mortgage assignment to Freddie Mac in violation of Minn. Stat. § 580.02(3).

Lastly, the plaintiff contends that the Court should infer that such an assignment exists because Wells Fargo conveyed title to the property to Freddie Mac after the redemption period expired. But this merely suggests that Wells Fargo transferred some interest in the underlying promissory note to Freddie Mac at some point prior to August 2012.[5]

In short, the plaintiff has not provided "anything to support [his] claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of notes were invalid." *Karnatcheva,* 704 N.3d at 548.

### 2. The authority of the agents' signing the mortgage-related documents

The plaintiff alleges "upon information and belief" that each and every person who signed a mortgage-related document lacked the authority to do so. Am. Compl. ¶¶ 11, 14, 16. Even assuming the allegations are true, Defendant Wells Fargo, as the mortgagee, and Defendant Freddie Mac, as the current owner of the property, have both ratified the actions of those agents. *See Anderson v. First Nat'l Bank of Pine City*, 228 N.W.2d 257, 259 (Minn. 1975) ("Ratification occurs

---

[5] *Jackson v. Mortg. Elec. Regis. Sys.,* 770 N.W.2d 487, 500–01 (Minn. 2009) and its progeny make clear that the entity initiating the foreclosure-by-advertisement need not also hold the original promissory note.

when one, having full knowledge of all the material facts, confirms, approves, or sanctions, by affirmative act or acquiescence, the originally unauthorized act of another, thereby creating an agency relationship and binding the principal by the act of his agent as though that act had been done with prior authority."). Any concern that the signatories lacked the authority to execute the documents on behalf of Wells Fargo and Freddie Mac is now moot.

Because all of the claims in the amended complaint depend upon the two contentions that the Court has concluded lack sufficient factual support or are otherwise meritless, the complaint must be dismissed in its entirety.[6] Defendants' motions to dismiss must be granted.

### III.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

1. The Bank Defendants' motion to dismiss (ECF No. 33) should be **GRANTED**;

2. Defendant Reiter & Schiller, P.A.'s motion to dismiss (ECF No. 27) should be **GRANTED**;

3. The case should be **DISMISSED WITH PREJUDICE**;

4. The Court should enter judgment accordingly.

DATED: May 3, 2013                                          *s/ Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge

---

[6] Defendant Reiter & Schiller, P.A. is also immune from liability to the plaintiff. "Where attorneys act within the scope of their employment, Minnesota law provides protection from liability to third parties." *Murphy v. Aurora Loan Servs.,* LLC, 699 F.3d 1027, 1031 (8th Cir. 2012) (citing *McDonald v. Stewart*, 182 N.W.2d 437, 440 (Minn. 1970)). Absent knowing participation in fraud, none of the work performed by Reiter & Schiller, P.A., as the foreclosing law firm, can give rise to an actionable claim. *Id.*

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 20, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 20, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.